IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN H., by next friend, DENISE H. and MARK H. § § § v. § § ELGIN INDEPENDENT SCHOOL § DISTRICT § | 1:20-CV-00816-LY |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' Motion to Dismiss Defendant's Counterclaim (Dkt. No. 8), Defendant's Response (Dkt. No. 9), Plaintiffs' Reply (Dkt. No. 10), and Defendant's Sur-Reply (Dkt. No. 13). The District Judge referred the motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. BACKGROUND

Denise H. and Mark H. are the parents of minor John H., who is a student in the Elgin Independent School District and protected by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Dkt. No. 1 at ¶ 1.1. On December 19, 2019, John H., by next friend Denise H. and Mark H. ("Plaintiffs") filed a request for an administrative due process hearing against Elgin ISD under the IDEA. *Id.* at ¶ 3.1. In the final administrative decision rendered by the Special Education Hearing Officer ("SEHO") on May 4, 2020, Plaintiffs were the prevailing party. *Id.* at ¶ 3.2. On August 3, 2020, Plaintiffs filed this action for the sole purpose of recovering reasonable attorney's fees under the IDEA. *Id.* at ¶ 4.1. When Elgin ISD filed its answer on September 8, 2020, it also brought a counterclaim challenging the SEHO's determination. Dkt. No.

7 at ¶¶ 16-24.  In response, Plaintiffs move to dismiss Elgin ISD's counterclaim as time-barred under the IDEA because it was filed more than 90 days after the SEHO's determination.  Dkt. No. 8.  Elgin ISD opposes Plaintiffs' motion, arguing that counterclaims are not subject to the IDEA's statute of limitations.  Dkt. No. 9.

## II. LEGAL STANDARD

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008).  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has explained that a court need not accept as true conclusory allegations or allegations stating a legal conclusion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.*

## III. ANALYSIS

The IDEA authorizes a party aggrieved by an administrative due process hearing to bring a civil action in federal court, but "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action. . . ." 20 U.S.C. § 1415(i)(2)(A), (B).

Here, Elgin ISD's counterclaim challenging the SEHO's determination was indisputably filed more than 90 days after the SEHO's final decision.[1]  However, in *Ruben A. v. El Paso Indep. Sch. Dist.*, the Fifth Circuit expressly held that the IDEA's 90 day statute of limitations does not apply to counterclaims. 414 Fed. Appx. 704, 707 (5th Cir. 2011) (denying the plaintiff's motion to dismiss a defendant school district's counterclaim as time-barred, and holding that the IDEA's 90-day statute of limitations only "specifically applies to '[t]he party bringing the action' and neither expressly nor impliedly limits the filing of counterclaims in response to civil actions brought in federal court." (quoting 20 U.S.C. § 1415(i)(2)(b))).  The Fifth Circuit's holding in *Ruben A*. is consistent with similar holdings in the Third and Fourth Circuits.  *See, e.g.*, *Jonathan H. v. The Souderton Area Sch. Dist.,* 562 F.3d 527, 528 (3d Cir. 2009); *Kirkpatrick v. Lenoir Cty. Bd. of Educ.*, 216 F.3d 380, 382 (4th Cir. 2000).  Accordingly, Elgin ISD's counterclaim is not subject to the 90 day statute of limitations, and Plaintiffs' motion to dismiss should be denied.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion to Dismiss Defendant's Counterclaim (Dkt. No. 8) be **DENIED**.

The Clerk is directed to remove this case from the Magistrate Judge's docket and return it to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

---

[1] The SEHO's decision was issued on May 4, 2020, and Elgin ISD filed its counterclaim challenging that decision on September 8, 2020  (127 days after the SEHO's decision).

being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(c) (2006); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Lisson v. O'Hare*, 326 F. App'x 259, 260 (5th Cir. 2009).

SIGNED this 5th day of May, 2021.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE