UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DENISE H., MARK H., JOHN H., BY NEXT FRIEND DENISE H. AND MARK H.;<br><br>　　Plaintiffs,<br><br>vs.<br><br>TEXAS EDUCATION AGENCY, KEITH SWINK, IN HIS OFFICIAL CAPACITY AS MANAGER OF DISPUTE RESOLUTION, TEXAS EDUCATION AGENCY; MIKE MORATH, IN HIS OFFICIAL CAPACITY, COMMISSIONER OF THE TEXAS EDUCATION AGENCY; AND JODI DURON, IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF ELGIN ISD;<br><br>　　Defendants. | §§§§§§§§§§§ | No. 1-20-CV-00816-DAE |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed on September 19, 2022, by Defendants Texas Education Agency (the "TEA"), et. al. (collectively, "Defendants"). (Dkt. # 78.)[1] Plaintiffs Denise H. and Mark H., next friends of John H. (collectively, "Plaintiffs"), filed a Response on October 3, 2022

---

[1] This case was transferred from Judge Yeakel to the undersigned on April 7, 2022. (Dkt. # 68.)

1

(Dkt. # 79), and Defendants filed a Reply on October 17, 2022 (Dkt. # 80).  The Court finds this matter suitable for disposition without a hearing, and, after careful consideration of the filings both in support of and in opposition to summary judgment, the Court—for the reasons that follow—**GRANTS** Defendants' Motion for Summary Judgment in its entirety.  (Dkt. # 78.)  Accordingly, the hearing set on this matter for April 11, 2023, is cancelled.

## BACKGROUND

This case arises from Elgin ISD's failure to provide John H., a disabled student, with a Free Appropriate Public Education ("FAPE") pursuant to the Individual with Disabilities Education Act ("IDEA").  (Dkt. # 25 at 2-5.)  After a special education due process hearing, a TEA hearing officer (the "SEHO") determined that Elgin ISD had failed to provide John H. with a FAPE during the Fall 2019 semester.  (Id. at 3-4.)  The SEHO ordered Elgin ISD to convene an Admission, Review, and Dismissal Committee ("ARD") meeting within twenty days of issuance the decision order, and to contract with Plaintiffs' chosen Independent Education Evaluation ("IEE") providers within ten days of receiving consent forms.  (Id. at 3-6; Dkt. # 15-2 at 44, 47.)  When Elgin ISD failed to comply with the decision order, Plaintiffs filed a complaint with the TEA, alleging that "Elgin ISD had failed to timely hold an ARD meeting, and failed to timely contract with [the IEE] providers."  (Dkt. # 25 at 12.)  The TEA issued a special

education complaint investigative report, finding that it "did not require any corrective actions of the [school district]." (Id. at 12; Dkt. # 15-18 at 1.) John H. then requested a due process hearing against the TEA based on its failure to require Elgin ISD to comply with the original decision order, which an SEHO denied on February 11, 2021. (Dkt. # 25 at 14, 16.)

Plaintiffs originally brought suit against Elgin ISD on August 3, 2020, seeking attorney's fees as the prevailing party in an administrative action pursuant to 20 U.S.C. § 1415(i)(3). (Dkt. # 1.) In an Amended Complaint on June 24, 2021 (Dkt. # 25), Plaintiffs added the TEA, Judi Duron, the Elgin ISD Superintendent ("Duron"), Keith Swink, the TEA Dispute Resolution Manager ("Swink"), and Mike Morath, the TEA Commissioner ("Morath"). The Amended Complaint asserted claims against Morath and Swink in their official capacities pursuant to 42 U.S.C. § 1983 for allegedly failing to monitor and require Elgin ISD's compliance with the administrative order, failing to enforce the administrative order, and failing to have an appropriate administrative complaint procedure as required by federal law. (Dkt. # 25 at 16 ("Count 3").) Plaintiffs also asserted a claim against TEA under the IDEA as either an appeal of the SEHO's dismissal of their due process hearing or as a private right of action under the IDEA for denial of a FAPE to John H. (Id. at 17 ("Count 4").) Elgin ISD brought a counterclaim against John H., appealing the initial decision order pursuant to 20 U.S.C. § 1415(i)(2)(A).

(Dkt. # 7 at 12.) All parties moved to dismiss the claims against them. (Dkts. ## 23; 32; 45.)

Adopting a Report and Recommendation from Magistrate Judge Howell (Dkt. # 50), this Court (1) denied Plaintiffs' Motion to Dismiss Elgin ISD's Counterclaim, (2) granted Defendants' Motion to Dismiss Plaintiffs' § 1983 claims, and (3) denied Defendants' Motion to Dismiss in all other respects (Dkt. # 62). On April 11, 2022, Plaintiffs entered into a settlement agreement with Elgin ISD and dismissed the remaining claims against Elgin ISD with prejudice. (Dkt. # 74.)

The only remaining claim before this Court is Count 4: Plaintiffs' appeal of the SEHO's decision in John H. b/n/f Denise H. & Mark H. v. Texas Educ. Agency; No. 048-SE-1120, and alternatively, a private right of action against TEA pursuant to the IDEA. (Dkt. # 25 at 16.)

## LEGAL STANDARD

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323–25, (1986); Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir.2007).

A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial." Nola Spice Designs, LLC v. Haydel Enter., Inc., 783 F.3d 527, 536 (5th Cir. 2015) (quotations omitted). "When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." Duffie v. U.S., 600 F.3d 362, 371 (5th Cir. 2010). Instead, the non-movant must identify specific evidence in the record and articulate how that evidence supports the party's claim. Willis v. Cleco Corp., 749 F.3d 314, 317 (5th Cir. 2014). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2007).

## DISCUSSION

Under the IDEA, the federal government "offers federal funds to States in exchange for a commitment: to furnish a 'free appropriate public education'—more concisely known as a FAPE—to all children with certain physical or intellectual disabilities." Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743,

748 (2017); see 20 U.S.C. § 1400(d)(1)(A).  "As defined in the Act, a FAPE comprises 'special education and related services'—both 'instruction' tailored to meet a child's 'unique needs' and sufficient 'supportive services' to permit the child to benefit from that instruction." Id. at 748-49 (quoting 20 U.S.C. §§ 1401(9), (26), (29)).  An "individualized education program," called an IEP, serves as the "primary vehicle" for providing each child with the promised FAPE.  Honig v. Doe, 484 U.S. 305, 311 (1988).

Because the State of Texas receives federal education funding, "all school districts within its borders must comply with the IDEA."  J.B. b/n/f Lauren B. v. Frisco Indep. Sch. Dist., 528 F. Supp. 3d 614, 634 (E.D. Tex. 2021).  The Texas Legislature has mandated that the TEA "develop, and modify as necessary, a statewide design, consistent with federal law, for the delivery of services to children with disabilities in this state."  TEX. EDUC. CODE ANN. § 29.001.  The statewide design must include "rules for the administration and funding of the special education program so that a free appropriate public education is available to all of those children between the ages of three and 21."  Id.

Defendants argue that Plaintiffs have no remaining justiciable controversy with TEA, which deprives this Court of subject matter jurisdiction.  First, Defendants claim that Plaintiffs' IDEA claim is moot because Plaintiffs have not set forth any facts showing that they are entitled to or are seeking any relief

beyond what they have already received: compensatory and private services from Elgin ISD for its failure to comply with the SEHO's Order, as well as attorneys' fees. (Dkt. # 78 at 6.) Second, Defendants contend that Plaintiffs nonetheless lack standing to assert their IDEA claim because their requested relief will not redress any alleged injury. (Id.) The Court agrees with Defendants on both arguments.

I. Plaintiffs' IDEA Claim Against TEA is Moot

Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). Article III of the Constitution requires federal courts to only adjudicate actual "cases" or "controversies." U.S. CONST. art. III, § 2. According to the Supreme Court, "[a] case that becomes moot at any point during the proceedings is 'no longer a 'Case' or 'Controversy' for purposes of Article III,' and is outside the jurisdiction of the federal courts." United States v. Sanchez-Gomez, 138 S. Ct. 1532, 1537 (2018) (quoting Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013)). "An action is moot where (1) the controversy is no longer live or (2) the parties lack a personal stake in its outcome." Rocky v. King, 900 F.2d 864, 867 (5th Cir.

7

1990). "Mootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." Ctr. For Biological Diversity, Inc. v. BP Am. Prod. Co., 704 F.3d 413, 425 (5th Cir. 2013).

TEA argues that the settlement between Plaintiffs and Elgin ISD mooted Plaintiffs' claim against TEA because Elgin ISD has completed and fully implemented all the requirements of the SEHO's Order that TEA allegedly failed to enforce. (Dkt. # 80 at 3.) In response, Plaintiffs make two arguments.[2] First, since "a full school year elapsed between the [SEHO] decision and the completion of the IEEs," Elgin ISD's "significant delay in compliance caused [John] [an] injury" that is attributable to TEA.[3] (Dkt. # 79 ¶¶ 6-8.) Second, Plaintiffs ask the Court to find that TEA denied John H. a FAPE through its allegedly deficient complaint process. (Id. ¶¶ 18-25.) These arguments are collapsible: the first argument merely alleges

---

[2] Plaintiffs do not challenge TEA's claim that Elgin ISD has now come into compliance with the SEHO's Order by contracting for all IEEs and holding the required ARD meetings. (Dkt. # 79 ¶ 6.) Nor do Plaintiffs allege any deficiency in the compensatory services being provided by Elgin ISD to make up for Elgin ISD's delay in compliance. (Id. ¶ 8.)

[3] The testimony Plaintiffs provide on this point states that John struggled in reading, writing, math, speech, and language during the *following* (2021-2022) school year, not only the 2020-2021 school year during which Elgin ISD allegedly denied John a FAPE. (Dkt. # 78-11 at 20-21.) Even construing Plaintiff's testimony about John H.'s struggles in 2021-2022 as sufficiently attributable to TEA's failure to force Elgin to follow the SEHO's Order in 2020-2021, the IDEA remedy designed to "make up for prior deficiencies" is compensatory education, which John H. is already receiving, as described further below. Reid ex rel Reid v. District of Columbia, 401 F.3d 516, 522-23 (D.C. Cir. 2005)).

that TEA denied John H. a FAPE during the period TEA did not make Elgin ISD follow the SEHO's Order, and the second identifies how Plaintiffs claim this occurred. (See Dkt. # 78-11 at 19 (Q: "What was the result of John not receiving those services that he should have timely?" A: "He was denied a FAPE.").) Plaintiffs' focus on injury misses the mark. The question is whether there remains "meaningful relief" the Court can provide. Ctr. For Biological Diversity, Inc., 704 F.3d at 425. Since all of Plaintiffs' requested relief has either already been provided via the settlement[4] or is inappropriate under the IDEA, the remaining IDEA claim against TEA is moot.

   The Complaint requests an "award [of] compensatory education and private services for the time period that Student was denied a FAPE resulting from the failure to implement the Hearing Officer's May 4, 2020 Order." (Dkt. # 25 at 17.) While a school district's mere *offer* to provide a plaintiff with all of his requested relief does not moot his IDEA claim, the school district's actual *provision* of all of plaintiff's requested relief does. See El Paso Indep. Sch. Dist. v. A.O. as next friend of M.W., No. EP-09-CV-401-DB, 2011 WL 13324045, at *4 (W.D. Tex. May 20, 2011). A live controversy may remain in an IDEA case if a plaintiff alleges that a school district is "still not providing the full range of

---

[4] The declaratory and monetary relief against Elgin ISD that Plaintiffs sought in their Complaint was foreclosed by Elgin ISD's dismissal from the suit and settlement. (See Dkts. ## 25 at 17-18; 28-10.)

9

compensatory education services" required, despite the state's administrative decision ordering the school district to comply with an SEHO's Order and take corrective action.  Porter v. Bd. of Trustees of Manhattan Beach Unified Sch. Dist., 307 F.3d 1064, 1068 n.4 (9th Cir. 2002).  Likewise, a case may not be moot if the IDEA settlement agreement fails to provide the relief requested in the complaint. Boose v. D.C., 786 F.3d 1054, 1058 (D.C. Cir. 2015).  Neither is the case here. Plaintiffs allege no deficiency in the compensatory education being provided to John H. pursuant to the settlement with Elgin ISD, nor do Plaintiffs identify any other educational relief requested in the Complaint that has yet to be provided. Plaintiffs do not contest Elgin ISD's compliance with the SEHO's Order, following the settlement.  See J.R. by Analisa R. v. Austin Indep. Sch. Dist., 574 F. Supp. 3d 428, 437 (W.D. Tex. 2021) ("Until the state of the AISD's IDEA compliance is known, the controversy remains live.").

    Our sister court's decision in A.O. is especially illuminating.  After A.O. requested an IDEA due process hearing, A.O.'s school district offered to provide all of her requested relief: convening a new ARD committee meeting to draft an IEP and paying A.O.'s attorney's fees.  2011 WL 13324045, at *1.  Though A.O. rejected the settlement offer, the SEHO found the IDEA claim moot because the school district had offered A.O. all her requested relief.  Id.  After the hearing, the school district convened a new ARD committee anyway, prepared a revised IEP

which "corrected all deficiencies A.O. alleged" in her IDEA claim and "provided [the child] with compensatory education." Id.  A.O.'s appeal[5] of the hearing officer's decision to the district court was rendered moot by the fact that A.O. was receiving her requested relief and "did not amend her complaint to ask for additional relief nor did she challenge the appropriateness of the [new IEP] or the . . . provision of compensatory services." Id. at *2.  Accordingly, A.O. could not seek "a judicial order requiring [the school district] to provide the relief it had already provided." Id.

      Plaintiffs' situation is analogous.  Plaintiffs have not alleged that the compensatory relief provided by Elgin ISD is deficient, nor argued that any other FAPE-related relief is absent.  Instead, they ask the Court for what can best be described as declaratory relief "that TEA denied John H. a FAPE" through a deficient complaint procedure that permitted Elgin ISD's significant delay in implementing the SEHO's Order.  (Dkt. # 25 at 17.)  But Plaintiffs do not "explain how that relief would remedy any injury suffered by [John H.], who is now receiving an IDEA-compliant education from [Elgin ISD], regardless of the quality

---

[5] In A.O.'s first challenge, the district court held the IDEA claim *not* mooted by the mere *offer* of settlement; this was affirmed by the Fifth Circuit.  2011 WL 13324045, at *2.  But the district court later held that the intervening change in the actual provision of services—rather than the declined offer—*did* render the claim moot.  Id.

11

of the State Defendants' oversight." J.M. by & Through Mata v. Tennessee Dep't of Educ., 358 F. Supp. 3d 736, 749 (M.D. Tenn. 2018). The IDEA does not provide a basis for keeping litigation alive merely to consider abstract questions of defendants' responsibilities. Id.; see also TransUnion LLC v. Ramirez, 210 L. Ed. 2d 568, 141 S. Ct. 2190, 2203 (2021) ("Under Article III, federal courts do not adjudicate hypothetical or abstract disputes. Federal courts do not possess a roving commission to publicly opine on every legal question . . . . And federal courts do not issue advisory opinions."). What makes a declaratory judgment "a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*." Hewitt v. Helms, 107 S. Ct. 2672, 2676 (1987) (emphasis original). The Court's declaration that "the findings of TEA's investigation denied Student a FAPE" and TEA's "complaint procedure [was] procedurally ineffective resulting in a denial of a FAPE" (Dkt. # 79 ¶ 17) would afford no relief to Plaintiffs other than "the moral satisfaction of knowing that a federal court concluded that his rights had been violated."[6] Hewitt, 107 S. Ct. at 2676.

---

[6] Additionally, though a request for declaratory relief can preclude mootness if "the challenged problem is likely to recur or is otherwise capable of repetition," Plaintiffs have made no such showing. Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown, 948 F.2d 1436, 1447 (5th Cir. 1991). Plaintiffs represent a single child whose dispute with the relevant school district is that it did not conduct timely IEEs and an ARD meeting as required in an SEHO order—not the ongoing provision of

Finally, the Complaint asks for "an award of compensatory and punitive damages against DEFENDANTS resulting from the denial of Plaintiffs' civil rights." (Dkt. # 25 at 17.) To begin with, this Court has no power to award punitive damages under the IDEA. See McMillen v. New Caney Indep. Sch. Dist., 939 F.3d 640, 646-47 (5th Cir. 2019) (discussing that the IDEA allows only "equitable monetary rewards, such as reimbursement of expenses like private school tuition unnecessarily incurred to provide special education services" and compensatory awards designed to provide services prospectively to compensate for a past deficient program). The IDEA contains no prohibition on recovering from both a school district and the greater state educational agency for the same denial of a FAPE. Indeed, the Fifth Circuit has held that "[t]here is nothing in either the language or the structure of [the] IDEA that limits the district court's authority to award reimbursement costs against the [state educational agency], the [local

---

services. See J.R. by Analisa R., 574 F. Supp. 3d at 438 (finding declaratory relief precluded mootness because at least some of the challenged evaluations had yet to occur and the practice of reevaluation would continue to occur). While Plaintiffs protest Swink's assignment to investigate Elgin ISD's compliance on both June 2, 2020, and July 29, 2020, they frame this behavior in terms of denying John H. a FAPE based on their disagreement with Swink's underlying decision. (Dkt. # 79 ¶ 18.) Plaintiffs have not "shown that there is a 'demonstrated probability' that the harm the declaration addresses could occur again" by alleging a systematic practice likely to impact John H. again, or incorporating facts from other complaint investigations giving rise to an inference of structural deficiencies. J.R. by Analisa R., 574 F. Supp. 3d at 438 (quoting Meadows v. Odom, 198 F. App'x 348, 351 (5th Cir. 2006)).

educational agency], or both in any particular case." St. Tammany Parish School Bd. v. State of La., 142 F.3d 776, 783-84 (5th Cir. 1998) (quoting Gadsby v. Grasmick, 109 F.3d 940, 955 (4th Cir.1997)).  But Plaintiffs fail to identify with any particularity what monetary claims they have against TEA, stating only in their Response that TEA should not "reap the benefit of Elgin ISD's settlement."  (Dkt. # 79 ¶¶ 8, 26.)[7]  And as discussed previously, Plaintiffs do not allege any shortfalls in the settlement's resolution of compensatory educational services on which a reasonable jury could base a compensatory award for unresolved deficiencies caused by TEA's handling of Elgin's compliance with the SEHO's Order in 2020-2021.[8]

II.  Additionally, Plaintiffs Lack Standing to Pursue their IDEA Claim Against TEA

This Court also lacks subject matter jurisdiction because Plaintiffs have no standing.  To establish standing, Plaintiffs bear the burden of

---

[7] Likewise, Plaintiffs do not indicate in their Response that they have an outstanding monetary claim against TEA commensurate with their request in the Complaint that the Court "enter judgment against Defendants awarding Plaintiffs reasonable attorney's fees and costs for the prosecution of this action."  (Dkts. ## 25 at 18; 79.)

[8] "[C]ompensatory awards, which may include tuition reimbursement, are designed to provide 'services prospectively to compensate for a past deficient program.'" Spring Branch Indep. Sch. Dist. v. O.W. by Hannah W., 961 F.3d 781, 800 (5th Cir. 2020) (citing Draper v. Atlanta Indep. Sch. Sys., 518 F.3d 1275, 1280 (11th Cir. 2008)).  These awards "'should place children in the position they would have been in but for the violation of the Act.'"  Id. (citing Reid, 401 F.3d at 518 (D.C. Cir. 2005)).

demonstrating that John H. (1) suffered an injury; (2) that is fairly traceable to the State Defendants; and (3) likely to be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). TEA takes issue with the redressability prong. (Dkt. # 78 at 6.)

To satisfy redressability, a plaintiff must show that "it is *likely*, as opposed to merely *speculative*, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc., 528 U.S. at 181 (emphasis added). Plaintiffs rely on the Court's rejection of TEA's earlier standing challenge at the motion to dismiss stage, in which the Court held that John H's "alleged injuries are . . . likely redressable by a favorable ruling requiring the State Defendants to take the necessary steps to ensure the Elgin ISD provides [John H.] with a FAPE." (Dkt. # 50 at 12.) But the landscape of this case has changed significantly since that Order. Plaintiff no longer alleges that John H. is being denied a FAPE, thanks to the settlement agreement between Elgin ISD and Plaintiffs. And as a result, Plaintiffs no longer ask for the relief the Court found likely to redress Plaintiffs' injury: a ruling requiring TEA "to take the necessary steps to ensure that Elgin ISD provides [John H.] with a FAPE." (Id.)

As to the remaining forms of relief sought, they likewise would not redress any injury. "[A] plaintiff must demonstrate standing separately for each form of relief sought." Friends of the Earth, Inc., 528 U.S. at 185; see also Lewis

15

v. Casey, 518 U.S. 343, 358, n.6 (1996) ("[S]tanding is not dispensed in gross."). Plaintiffs originally framed their challenge against TEA as an appeal of the SEHO's dismissal of Plaintiffs' request for a due process hearing against TEA. (Dkts. ## 25 at 16; 79 ¶ 11.) But Plaintiffs appear to have forfeited this claim, stating that "this Court is hearing this claim as a private right of action [under IDEA], [so] whether or not Plaintiff is entitled to an administrative [h]earing against TEA is of diminished importance." (Id.) Even if Plaintiffs' appeal remains, however, Plaintiffs have failed to demonstrate that a reversal of that decision by this Court would likely redress any of Plaintiffs' injuries. As discussed previously, Plaintiffs have not argued that Elgin ISD is failing to comply with the original SEHO's Order, such that TEA's action is necessary either to directly provide services to John H., or to order Elgin ISD into compliance.

As to Plaintiffs' "private right of action which alleges that TEA's action denied John H. a FAPE," Plaintiffs have failed to set forth any facts demonstrating how a declaration from this Court would remedy TEA's alleged denial of a FAPE. (Dkt. # 79 ¶ 15.) This point dovetails with the Court's earlier discussion of mootness. The IDEA is principally a tool for securing appropriate educational and related services, not for hashing out the contours of TEA's oversight. See J.M. by & through Mata, 358 F. Supp. 3d at 749. Plaintiffs' failure

to identify relief that would likely redress John H.'s now-resolved denial of a FAPE deprives them of standing.

This result is not altered by the fact that Plaintiffs claim TEA denied John H. a FAPE via its failure to "make an independent determination of [his] complaint" as required by 34 C.F.R. § 300.152(a)(4). Despite pointing to a specific practice that allegedly contributed to John H.'s injury, the injury to be redressed remains the same: John H. was denied a FAPE. Finding that Swink unfairly adjudicated both the June 2, 2020, and July 29, 2020, complaints would not likely redress any injury, as John H. is no longer being injured by Swink's decision that Elgin ISD was in compliance with the SEHO's Order.

## CONCLUSION

For the reasons stated, the Court **GRANTS** Defendants' Motion for Summary Judgment. (Dkt. # 78.) The Clerk is instructed to **ENTER JUDGMENT** consistent with this Order and **CLOSE** the **CASE**.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, March 23, 2023.

_____
David Alan Ezra
Senior United States District Judge